Leslie A. Cohen, Esq. (SBN: 93698)
    leslie@lesliecohenlaw.com
J'aime K. Williams, Esq. (SBN 261148)
    jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for Debtor And Defendant Mark Crone

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| *In re* <br><br> MARK ELIAS CRONE; <br><br>         Debtor <br><br> CKR GLOBAL ADVISORS, INC, <br><br>         Plaintiff, <br><br> v. <br><br> MARK ELIAS CRONE, <br><br>         Defendant | Case No. 2:17-bk-12392-BR <br><br> Adv. No.: 2:17-ap-01309-BR <br><br> Chapter 7 <br><br> **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Hearing Date: [To Be Set By Court] <br> Time: <br> Ctrm: |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; PLAINTIFF AND ITS COUNSEL OF RECORD; AND ALL OTHER INTERESTED PARTIES:**

    **PLEASE TAKE NOTICE** that, pursuant to FRBP 56, LBR 7056 and FRCP 56, Debtor And Defendant, Mark Elias Crone (the "**Debtor**" or "**Crone**") hereby respectfully moves this Court for summary judgment in the above-captioned adversary proceeding

i
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

commenced by Plaintiff, CKR Global Advisors, Inc. ("**Plaintiff**" of "**Global**") against the Debtor.

This motion for summary judgment (the "**Motion**" or "**MSJ**") is being made on the grounds that Global lacked valid corporate authorization to commence this action; and that even if it had been validly authorized, Plaintiff cannot show any injury or debt arising from the complained-of conduct, even if it in fact occurred. As demonstrated in the Motion, there is no genuine issue as to any material fact with regard to the lack of authorization or injury, and the moving party is entitled to judgment as a matter of law with regard to Global's *First Amended Complaint For Determination Of Dischargeability Of Debt Pursuant To Section 523 Of The Bankruptcy Code* (the "**FAC**").

If for any reason summary judgment is not granted, Debtor will and hereby does move in the alternative for an Order adjudicating those causes of action pled in his Complaint as the Court will allow.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the declaration of Mark Crone and *Debtor's Statement of Uncontroverted Facts & Conclusions of Law* ("**SUF**") filed concurrently herewith, and all pleadings, documents and records on file with this Court and upon such oral argument as may be necessary at the time of the hearing.

**PLEASE TAKE FURTHER NOTICE** that a hearing on this Motion shall set by the Court upon filing, with a notice to follow.

WHEREFORE, Debtor Mark Crone prays that this Court enter an Order as follows:

1. Granting the Motion in its entirety;
2. Entering summary judgment in favor of the Debtor or entering partial summary judgment in favor of the Debtor;
3. Granting such other and further relief as the Court deems just and proper.

Dated: October 23, 2018          LESLIE COHEN LAW, PC

By: /s/ Leslie A. Cohen
    Leslie A. Cohen
    Counsel for Debtor

# **TABLE OF CONTENTS**

I. INTRODUCTION & SUMMARY OF ARGUMENT ....................................................... 1

II. BACKGROUND AND STATEMENT OF UNDISPUTED FACTS ................................. 2

    **A.**    Bankruptcy Case, Jurisdiction and Venue .................................................. 2

    **B.**    The Business Entities and Disputes .......................................................... 3

    **C.**    Divorce Proceedings and Marital Settlement Agreement .......................... 5

    **D.**    The Adversary Proceeding ........................................................................ 6

III. ARGUMENT ................................................................................................................ 7

    **A.**    Plaintiff is Entitled to Summary Judgment on the FAC In Its
Entirety Because Global Lacked Requisite Authority To
Commence This Action ............................................................................. 9

    **B.**    Plaintiff is Entitled to Summary Judgment On the First Claim
for Relief Pursuant to 11 U.S.C. § 523(a)(4) ............................................ 10

    **C.**    Plaintiff is Entitled to Summary Judgment On the Second
Claim for Relief Pursuant to 11 U.S.C. § 523(a)(6) ................................. 12

IV. CONCLUSION .......................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ............................................. 8

Barboza v. New Form, Inc. (*In re* Barboza), 545 F.3d 702, 707 (9th Cir. 2008) ..................................................................................................................... 8

Carillo v. Su (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002) ........................................ 13

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ............................................................... 8

First National Bank of Arizona v. Cities Service Co., 391 U.S. 253 (1968) .................... 8

In re Dobbs, 115 B.R. 258, 265 (Bankr. D. Idaho 1990) .............................................. 10

In re Littleton, 942 F.2d 551, 555 (9th Cir. 1991) ......................................................... 10

In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010) .......................................................... 10

Kawaahau v. Geiger, 523 U.S. 56, 61 n. 3 (1998) ................................................. 12, 13

Lorber v. FTC Commer. Corp. (In re Lorber), 691 Fed. Appx. 321, 322, (9th Cir. 2017) ...................................................................................................................... 10

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) ............... 8

Ormsby v. First Am. Title Co. (In re Ormsby), 591 F.3d 1199, 1205 (9th Cir. 2010) ...................................................................................................................... 10

Rosenbloom v. Pyott, 765 F.3d 1137, 1148 (9th Cir. 2014) ........................................... 9

Shoen v. SAC Holding Corp., 137 P.3d 1171, 1178 (Nev. 2006) ................................... 9

U.S. *ex rel.* Anderson v. N. Telecom, Inc., 52 F.3d 810, 815 (9th Cir. 1995) .................. 8

Zoumboulakis v. McGinn, 148 F. Supp. 3d 920, 925 (N. D. Cal. 2015) .......................... 9

**Statutes**

11 U.S.C. § 523(a)(4) ................................................................................................... 10

11 U.S.C. § 523(a)(6) ............................................................................................ 12, 13

**Rules**

Bankruptcy Rule 7056 ........................................................................................... i, 7, 8

Fed. R. Civ. P. 56 .................................................................................................. i, 7, 8

Federal Rules of Bankruptcy Procedure (FRBP) 7001 .................................................. 3

## I. INTRODUCTION & SUMMARY OF ARGUMENT

In this adversary, the Complaint alleges that Debtor caused injury to Plaintiff by taking possession of a stock certificate known as Certificate 1091. The Debtor is, and at all relevant times has been, a 50% owner of Plaintiff, and has equal rights (now property of his chapter 7 estate) to hold the Certificate along with the other 50% owner, Jeff Rinde, who is purportedly bringing this action on behalf of Plaintiff.

When Debtor took possession of the stocks, they were not in Plaintiff's possession; rather, they were in the possession of another entity, CKR Law, of which Debtor was then also a 50% owner. The stocks represented by the Certificate remain unsold, and the Certificate is now in the possession of the Chapter 7 Trustee.

As demonstrated below and in the accompanying Statement of Uncontroverted Facts, Plaintiff cannot recover on any of its claims, and judgment should be entered in favor of Debtor, for the following reasons: First, the Complaint was not validly authorized by either by Plaintiff's board of directors, which Plaintiff admits was in a deadlock and unable to act, or by its shareholders.

The Debtor is a 50% shareholder and one of only two board members of CKR Global Advisors, Inc. ("**Global**"), the Plaintiff in this adversary proceeding. Jeffrey Rinde ("**Rinde**") holds the remaining 50% interest in Global and holds the other one (1) position on Global's board. Pursuant to Global's Bylaws, and applicable law, a quorum of the majority of Global's board of directors, and quorum of the majority of Global's stockholders was necessary in order to vote in favor of Global commencing this adversary proceeding ("**Adversary**") against the Debtor.

Here, neither Global's board nor its shareholders authorized the commencement of this Adversary. As noted in his complaint filed in the NY court in 2016, Rinde himself acknowledged that Global's board was in a deadlock and unable to act. Likewise, the Debtor was never notified of nor present at a shareholding meeting to vote on the commencement of this Adversary, and as a 50% shareholder, Rinde lacks the necessary majority of shareholder interests required by the bylaws for approval of commencement of

the Adversary. Based on the lack of valid corporate authorization, Global lacked the requisite authorization to commence this Adversary, and summary judgment should be granted.

Second, Plaintiff cannot demonstrate any injury relative to Certificate 1091. Not only did the Debtor have just as much right to maintain possession of the Certificate as Rinde had, the Debtor never diverted, disposed of or liquidated the stock represented by the Certificate. He also never even attempted to liquidate the shares, nor could he have, since they were subject to a lock-up agreement which extended past the petition date of this chapter 7 case. In fact, the restricted nature of the stocks is plain from the Certificate itself. Since Plaintiff suffered no injury from the relocation of the Certificate from CKR Law's possession to Debtor's possession, there is no "debt" associated with the transaction, precluding a claim for embezzlement, larceny or willful and malicious injury under Section 523.

There is no reasonable dispute as to the uncontroverted material facts which merit summary adjudication in Debtor's favor. At no time did the majority of shareholders or the majority of the board approve the commencement of this Adversary, at no time did the Debtor attempt to dispose of the shares for his own use, and at no time did Global suffer any injury or damages from the relocation of Certificate 1091. Consequently, summary judgment should be entered in the Debtor's favor on all counts of the FAC, as this case is ripe for summary judgment.

## II. BACKGROUND AND STATEMENT OF UNDISPUTED FACTS

As the facts are not in dispute, this case is ripe for summary judgment or partial summary adjudication.

**A.** Bankruptcy Case, Jurisdiction and Venue

1. On or about February 28, 2017 (the "**Petition Date**"), Debtor filed a voluntary petition under Title 11, Chapter 7 of the United States Code (the "**Code**"),

originating this current Bankruptcy Case, entitled In re Mark Elias Crone, Case No. 2:17-bk-12392-BR ("**Bankruptcy Case**"). *SUF 1.*[1]

2. This Court has jurisdiction under 28 U.S.C. §§ 157, 1132 and 1334(a) over the subject matter of this proceeding because the claims asserted herein relate to a case pending under the Bankruptcy Code for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**") and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code. *SUF 1.*

3. Per 28 U.S.C. §§ 1408 and 1409, venue is proper in the Central District of California, Los Angeles Division, because the Bankruptcy Case is pending in this district and division. See also Federal Rules of Bankruptcy Procedure (FRBP) 7001. *SUF 2.*

**B.** The Business Entities and Disputes

4. On or about May 26, 2010, the Debtor created Sands of Time Inc., pursuant to Articles of Incorporation filed in the State of Nevada. *SUF 3.*

5. On or about September 13, 2013, the articles of incorporation, of Sands of Time Inc. were amended, renaming the entity Flourz GF Bakery Simsbury CT, Inc. *SUF 4.*

6. In 2014, the Debtor, Rinde and Scott C. Kline formed a law firm, known as CKR Law, LLP ("**CKR Law**"). *SUF 5.*

7. On or about February 3, 2014, the articles of incorporation of Flourz GF Bakery (formerly Sands of Time), were amended, renaming the entity CKR Global Advisors, Inc., in order to use the entity to provide business consulting and advisory consulting services to CKR Law clients. *SUF 6.*

---

[1] References to the SUF (Statement of Uncontroverted Facts) include references to the Crone Declaration ("Crone Declaration") filed herewith and referenced therein.
Additionally, the Debtor respectfully requests the Court take judicial notice per Federal Rule of Evidence (FRE) FRE 201 of those facts which it may property so notice, including the Debtor's statements in his bankruptcy papers, and the pleadings on file in this case.

8. On February 10, 2014, the following officers and directors of Global were named in Global's Annual List of Officers and Directors filed with the Secretary of State of Nevada:

    a. Jeffrey A. Rinde, President and Director

    b. Mark E. Crone, Secretary and Director

    c. Scott C. Kline, Treasurer and Director *SUF 7.*

9. On or about January 27, 2014, Global adopted bylaws ("**Bylaws**"), which state at Section 2.6 that a majority of the directors must be present to constitute a quorum necessary for action to be taken by Global, and Section 1.7 requires that a majority of the stockholders must be present or represented by proxy to constitute a quorum necessary for action to be taken by Global. *SUF 8.*

10. In December 2014, Scott C. Klein severed his affiliation with Global and CKR Law, and his ownership interests reverted to Rinde and the Debtor, creating a 50-50 ownership split in each entity. *SUF 9.*

11. Since 2014, Rinde has controlled Global's and CKR Law's finances, including without limitation the business bank accounts. *SUF 10.*

12. In 2015, Certificate no. 1091 ("**Certificate 1091**") representing 100,000 shares of common stock of Akoustis Technologies, Inc., was issued to Global. *SUF 11.* At all times since Certificate 1091 was issued, it was exclusively owned by Global. *SUF 11.*

13. Certificate 1091 was subject to a Lock-Up Agreement which prohibited the sale of any of the shares until at least May 22, 2017. *SUF 12.*

14. Although the Certificate belonged to Global, it was stored in the safe of CKR Law. As a 50% owners of both Global and CKR Law, Debtor and Rinde had equal rights to possession of the Certificate. *SUF 13.*

15. Debtor took possession of the Certificate in March, 2016. *SUF 14.*

16. The Debtor never sold or transferred the stock shares represented by Certificate 1091. *SUF 15.*

17. The Debtor never attempted to sell or transfer the stock shares represented by Certificate 1091. *SUF 16.*

18. On June 3, 2016, Global, CKR Law, and Rinde filed a lawsuit against the Debtor in New York concerning the sale or transfer of Certificate 1091. *SUF 17*.

19. On April 4, 2017, Global and Rinde filed a lawsuit against Susan Crone, Gary Gorham and Leonidas P. Flangas in New York seeking to recover Certificate 1091. *SUF 18.*

20. Throughout the New York litigation, it has been Global's position that it is the exclusive owner of Certificate 1091. *SUF 19.*

**C.** Divorce Proceedings and Marital Settlement Agreement

21. On July 26, 2016, the Debtor's wife, Susan Crone, commenced divorce proceedings in the State of Connecticut. *SUF 20.*

22. On or about November 30, 2016, judgment was entered in the divorce proceeding which approved the Marital Settlement Agreement ("**MSA**") entered into by the Debtor and Susan Crone. *SUF 20.*

23. The MSA clearly acknowledges that, at the time the MSA was signed and approved, there was a lawsuit pending between the Debtor and Rinde to determine ownership of Global/Ascendant and Certificate 1091. *SUF 21.* In the MSA, the Debtor transferred to Susan Crone only whatever interests or rights the Debtor would receive from resolution of the litigation with Rinde, whether by proceeds or ownership interests in Certificate 1091 or Ascendant. *SUF 21.* The MSA states:

> Husband was a 50% owner of CKR Law LLP ("CKR Law"), an equal law partnership with Jeffrey a. Rinde ("Rinde"), and is also either 50% owner or 75% owner of Ascendant Global Advisors, Inc. (f/k/a/ CKR Global Advisors, Inc. ("Ascendant"). Rinde owns the remaining percentage portion of Ascendant. Rinde and Husband are currently in a dispute whether Husband owns 75% of Ascendant, as Husband asserts, or 50% of Ascendant, and Rinde asserts. Ascendant in turn owns certain assets including, but not limited to 100,000 shares of Akoustis Technologies, Inc. (the "AKTS Shares"). AKTS is a publicly traded company. Wife understands that Rinde has filed a lawsuit against Husband and that Husband may countersue Rinde (the "Lawsuit**").** ***The percentage ownership of Ascendant and of the***

> ***AKTS Shares owned by Ascendant are in dispute between Husband and Rinde*** *which is the primary focus of the Lawsuit.* ***Wife further understands that the AKTS Shares are currently restricted from sale under both Rule 144 and pursuant to a lock up agreement, both of which restrict the sale of the AKTS Shares until May 2017****.* Notwithstanding the foregoing, *Husband hereby conveys to Wife, and Wife accepts the conveyance thereof, all of his (100%) right title and interest in either (i) the proceeds awarded by a court or arbitrator, (ii) any proceeds received via settlement (the "Settlement") of the dispute between Husband and Rinde or (iii) or whatever proceeds are otherwise determined to be distributed out of Ascendant to Husband, (iv) any right, title and interest in the AKTS Shares and (v) any right, title and interest in Ascendant* in whichever case, as an alimony payment.  ***SUF 21.***

**D.**    The Adversary Proceeding

24.    On June 12, 2017, Global commenced this adversary proceeding by filing the original complaint, which alleged four (4) causes of action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6).  ***SUF 22.***

25.    Global did not have board or shareholder authorization to commence this adversary, as there was no board meeting or majority shareholder vote to authorize the filing, and Plaintiff's Board of Directors had been deadlocked since at least June 2016; Plaintiff acknowledged the fact of the board deadlock in its complaint filed in New York. ***SUF 23.***

26.    Despite the lack of corporate authorization for this Adversary, Rinde also never attempted to bring this Adversary as a derivative action. ***SUF 24.***

27.    On August 31, 2017, the Debtor filed his Motion to Dismiss the complaint [Docket No. 21]. ***SUF 25.***

28.    On November 29, 2017, Global filed its opposition to the Motion to Dismiss [Docket No. 50.] ("**MTD Opposition**").  In the MTD Opposition, Global admits that no effort was made to obtain board consent to commence this adversary against the Debtor. ***SUF 26.***

29.    On January 10, 2018, the Court entered an order dismissing the first and second claims under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) with prejudice, and granting

6
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

leave to amend the claims under 11 U.S.C. §§ 523(a)(4) and 523(a)(6). [Docket No. 60] ***SUF 27.***

30. On December 27, 2017, Global filed the FAC. [Docket No. 56]. ***SUF 28.*** The remaining causes of action before the Court in the FAC are 523(a)(4) and 523(a)(6)*.*

31. On January 10, 2018, the Debtor filed his Answer to the FAC. [Docket No. 61]. ***SUF 29.***

32. On or about December 11, 2017, the Debtor propounded discovery on Global, including Requests for Production of Documents ("**RPDs**"), which requested production of documents which support Global's claims of embezzlement, larceny, and willful and malicious injury. ***SUF 30.***

33. On or about February 21, 2018, Global provided responses to the Debtor's discovery requests, including the RPDs ("**Global Production**"). ***SUF 31.***

34. On August 30, 2018, Global provided supplemental responses to the RPD's, along with 232 pages of document production ("**Supplemental Production**"). ***SUF 32.***

35. Although Global alleges in the FAC that Debtor supposedly told his girlfriend of his intentions regarding Certificate 1091, none of the documents produced in the Global Production or the Supplemental Production include any evidence of the Debtor's intent, the Debtor's alleged statement to his girlfriend prior to April 2016, or evidence of damages to the Plaintiff. ***SUF 33.***

The records in these cases demonstrate that the FAC and Plaintiff's case are ready for summary judgment or partial summary adjudication, for the most economical disposition of this case.

## III. ARGUMENT

Under Fed. R. Civ. P. 56, as made applicable by Bankruptcy Rule 7056, a defendant may move at any time for full or partial summary judgment, which should be granted if defendant shows:

> that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment,

> interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Rule 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

While the initial burden of demonstrating the absence of a material factual dispute rests with the movant, once met, the burden then shifts to the non-moving party to present "significant probative supporting evidence" that a factual dispute exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). To overcome summary judgment, the non-moving party must "designate **specific** facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324 (emphasis added).

A factual dispute can only arise if the issue is both "genuine" and "material". To show a "genuine" issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Similarly, factual issues are only "material" if they "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, *quoting* First National Bank of Arizona v. Cities Service Co., 391 U.S. 253 (1968).

Importantly, in the Ninth Circuit, summary judgment is "not a disfavored procedural shortcut, but [rather is] the principal tool by which factually insufficient claims or defenses can be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." U.S. *ex rel.* Anderson v. N. Telecom, Inc., 52 F.3d 810, 815 (9th Cir. 1995) (quoting Celotex, 477 U.S. at 327) (alterations omitted).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Civil Rule 56(a), incorporated by Federal Rule of Bankruptcy Procedure (FRBP) 7056; Barboza v. New Form, Inc. (*In re* Barboza), 545 F.3d 702, 707 (9th Cir. 2008).

1  As Global lacked authority to commence this adversary proceeding and cannot
2 meet its burden on the merits of the to show any injury or debt arising from the Certificate
3 in any event, this matter is ripe for summary adjudication.

4 **A.** Plaintiff is Entitled to Summary Judgment on the FAC In Its Entirety Because
5 Global Lacked Requisite Authority To Commence This Action

6  It is a "basic principle of corporate governance that the decisions of a corporation—
7 including the decision to initiate litigation—should be made by the board of directors or the
8 majority of shareholders." Rosenbloom v. Pyott, 765 F.3d 1137, 1148 (9th Cir. 2014)
9 (citing In re Pfizer Inc. S'holder Derivative Litig., 722 F. Supp. 2d 453, 458 (S.D.N.Y.
10 2010); see also Zoumboulakis v. McGinn, 148 F. Supp. 3d 920, 925 (N. D. Cal. 2015).
11 Moreover, under Nevada corporate law, which governs Global, a fundamental policy is
12 that "a corporation's 'board of directors has full control over the affairs of the corporation.'"
13 Shoen v. SAC Holding Corp., 137 P.3d 1171, 1178 (Nev. 2006) (quoting Nev. Rev. Stat. §
14 78.120(1)). A board's prerogative includes the power to decide whether the company
15 should engage in litigation. Id.

16  Global's Bylaws at Section 2.6 require that a majority of the directors must be
17 present to constitute a quorum necessary for action to be taken by Global. Further,
18 Global's Bylaws at Section 1.7 require that a majority of the stockholders must be present
19 or represented by proxy to constitute a quorum necessary for action to be taken by
20 Global. Additionally, Nev. Revised Statutes 78.315 requires a majority of the board to
21 approve actions by a corporation.

22  Here, it is undisputed that this Adversary was commenced without any board or
23 stockholder approval. Indeed, Global and Rinde acknowledged this in their New York
24 complaint, and confirmed this in its MTD Opposition filed back in 2017. ***See SUF 23***. As
25 Global lacked the requisite authority to bring this action from either its shareholders or its
26 board of directors, summary judgment on the FAC in its entirety should be granted in
27 Debtor's favor.
28

**B.    Plaintiff is Entitled to Summary Judgment On the First Claim for Relief Pursuant to 11 U.S.C. § 523(a)(4)**

Even if there was authority for Global to commence this Adversary, the undisputed facts demonstrate that it cannot prevail on either of the claims for relief and therefore, summary judgment is appropriate.

In the first claim for relief, the FAC seeks to hold an undetermined amount as non-dischargeable debt "arising from Defendant's theft of Certificate 1091" under 11 U.S.C. § 523(a)(4). Specifically, Global asserts that the Debtor's removal of Certificate 1091 from CKR Law's safe constitutes embezzlement or larceny under §523(a)(4).

Bankruptcy Code 11 U.S.C. § 523(a)(4) provides for an exception to discharge for any *debt:* for "(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."As a preliminary matter, in order to satisfy Section 523(a)(4), the statutory language requires that Plaintiff bears the burden of showing, among other things, that the defendant's conduct created a "debt". See Lorber v. FTC Commer. Corp. (In re Lorber), 691 Fed. Appx. 321, 322, (9th Cir. 2017); In re Retz, 606 F.3d 1189, 1196 (9th Cir. 2010). Here, Plaintiff has no evidence of any debt, injury or damages arising from relocation of Certificate 1091.

Additionally, to demonstrate embezzlement, Global must be able to satisfy the elements of embezzlement, which are (1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which it was entrusted; and (3) circumstances indicating fraud. In re Littleton, 942 F.2d 551, 555 (9th Cir. 1991).

Showing larceny requires proof of a "'felonious taking of another's personal property with intent to convert it or deprive the owner of the same.' " Ormsby v. First Am. Title Co. (In re Ormsby), 591 F.3d 1199, 1205 (9th Cir. 2010) (citing 4 Collier on Bankruptcy P 523.10[2] (15th ed. rev. 2008). Larceny differs from embezzlement in the fact that the original taking of property was unlawful, and without the consent of the injured person. In re Dobbs, 115 B.R. 258, 265 (Bankr. D. Idaho 1990).

---
10
NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

In this case, the undisputed facts demonstrate that Global cannot prevail on its claims of embezzlement or larceny.

First, the undisputed facts demonstrate that Plaintiff cannot prevail on a claim of embezzlement. The FAC asserts that, when the Debtor took possession of Certificate 1091, he "took wrongful possession" of it. FAC ¶16. By definition, embezzlement requires the property at issue to be *rightfully* in the possession of the offender and used for an improper purpose, whereas here, Plaintiff asserts (and Debtor disputes) that Debtor was *wrongfully* in possession of the Certificate, and Plaintiff is also unable to show any use of the Certificate for an improper purpose.

Further, embezzlement requires improper use and "circumstances indicating fraud," which Plaintiff does not and cannot show. Specifically, the undisputed facts show that the Debtor never tried to sell the stock, nor could he, since it was subject to a lockup agreement. Further, the Debtor never even attempted to sell or transfer Certificate 1091. As evidenced in the MSA, the only thing Debtor transferred were his potential interests in the stock*, subject to the acknowledged litigation claims, and only to the extent any such interests existed after the litigation was resolved*. Consequently, Certificate 1091 was never used for any improper purpose and there are no circumstances indicating fraud, and summary adjudication should be granted on the embezzlement claim.

Second, the undisputed facts demonstrate that Plaintiff cannot prevail on a claim of larceny. The Debtor's relocation of Certificate 1091 was in no way felonious, as Debtor had a right to access the safe holding the certificate, which was at the time in the possession of CKR Law and not Global in any event. Moreover, the Certificate was not in Global's possession at the time; it was in CKR Law's possession. And, as a 50% owner of Global, Debtor had just as much right to physical possession of the Certificate as Rinde did. Because the Debtor is a 50% shareholder in Global, Plaintiff cannot demonstrate that the relocation occurred "without the consent of the injured person." Finally, again, the evidence shows that there was never any intent to deprive anyone of their rights, and even if there was, ultimately no one was deprived of any rights whatsoever. As mentioned

above, the Debtor never tried to sell the stock, nor could he, since it was subject to a lockup agreement.  Further, the MSA shows that the Debtor acknowledged the pending litigation over rights to the stock, and, recognizing that, only transferred under the MSA his interests in the stock, *to the extent any existed after the litigation was resolved*[2]*,* thus defeating any claim of intent to somehow misappropriate the stock.  Accordingly, summary adjudication should also be granted on the claim of larceny.

Overall, the undisputed facts show that the Plaintiff cannot demonstrate embezzlement or larceny in any case, nor can Plaintiff establish any injury, debt or damages arising from the relocation of the Certificate.  Accordingly, summary judgment in the Debtor's favor is appropriate on the first claim for relief.

**C.**     Plaintiff is Entitled to Summary Judgment On the Second Claim for Relief Pursuant to 11 U.S.C. § 523(a)(6)

In the second claim for relief, the FAC seeks to hold an undetermined amount as non-dischargeable debt for alleged willful and malicious injury arising from Defendant's removal of Certificate 1091 under 11 U.S.C. § 523(a)(6).

Bankruptcy Code 11 U.S.C. § 523(a)(6) excepts from discharge "any *debt* . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." Again, as a preliminary matter, for a claim to exist under 11 U.S.C. § 523(a)(6), a claimant must demonstrate the existence of a "debt" before addressing whether the Debtor's conduct was "willful and malicious".  Here, Plaintiff is unable to show any injury, damages or debt related to the Certificate.  And, even if Plaintiff could show a "debt", it would be unable to establish the separate elements of willful and malicious.  "Willful" means "voluntary" or "intentional," Kawaahau v. Geiger, 523 U.S. 56, 61 n. 3 (1998), and so recklessness or negligence is insufficient; the debtor must not only have acted willfully, but also inflicted the injury willfully.  Id. 61-62.  The "word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not

---

[2] See ***SUF 21***.

merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61(1998). "The injury itself must be desired and in fact anticipated by the debtor in order or for the debt to be excepted from discharge." Id. "The subjective standard correctly focuses on the debtor's state of mind and precludes application of §523(a)(6)'s nondischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain." Carillo v. Su (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002).

The "malicious" injury requirement under 11 U.S.C. § 523(a)(6) is separate from the "willful" requirement. Id. at 1146. To demonstrate an injury was malicious, a claimant must demonstrate "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Id. at 1146-47.

Here, again, the undisputed facts demonstrate that Global cannot prevail on its claim for willful and malicious injury.

First, not only can Plaintiff not show intent to injure, *Plaintiff in fact was not injured* by any of the actions alleged in the FAC. And, to the extent they have any relevance, which Debtor disputes, Plaintiff's assertions that the Debtor's subjective intent to injure the Plaintiff are allegedly evidenced by statements made to the Debtor's girlfriend prior to April 2016, and continued use of *CKR Law's* (as opposed to Plaintiff's) apartment, are equally untenable. Alleged use of a non-party's apartment fails to demonstrate any subjective intent to injure the Plaintiff, and Plaintiff has been unable to offer any evidence of statements made to the Debtor's girlfriend in its discovery responses or otherwise.

Ultimately, the undisputed facts demonstrate that Plaintiff did not and could not have suffered any injury from any activity relating to Certificate 1091, and that it cannot prevail on its claim for willful and malicious injury. Accordingly, Plaintiff is entitled to judgment in his favor.

### IV. CONCLUSION

Based upon the foregoing, the Debtor respectfully submits that the uncontroverted facts supported by the evidence firmly establishes that summary judgment or partial

summary adjudication should be entered in favor of the Debtor in this Adversary Proceeding, as well as judgment for any other relief the Court deems just and appropriate.

Dated: October 23, 2018              LESLIE COHEN LAW, PC

By: /s/ Leslie A. Cohen
Leslie A. Cohen
Counsel for Debtor and Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___10/23/18___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
Howard M Ehrenberg (TR)    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
J. Bennett Friedman    jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com;ewalters@flg-law.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___10/23/18___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Hon. Barry Russell<br>U.S. Bankruptcy Court<br>255 E. Temple St.<br>Los Angeles, CA 90012 | J. Bennett Friedman, Esq.<br>Michael Sobkowiak, Esq.<br>FRIEDMAN LAW GROUP, P.C.<br>1900 Avenue of the Stars, 11th Fl.<br>Los Angeles, California 90067 | United States Trustee<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/23/18 | Allie Kiekhofer | /s/ Allie Kiekhofer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                              **F 9013-3.1**