Leslie A. Cohen, Esq. (SBN: 93698)
leslie@lesliecohenlaw.com
J'aime K. Williams Esq. (SBN 261148)
jaime@lesliecohenlaw.com
LESLIE COHEN LAW, PC
506 Santa Monica Blvd., Suite 200
Santa Monica, CA 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

Attorneys for Debtor And Defendant Mark Crone

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| *In re* <br> MARK ELIAS CRONE <br>  Debtor <br><br> CKR GLOBAL ADVISORS, INC, <br>  Plaintiff, <br> v. <br> MARK ELIAS CRONE <br>  Defendant. | Case No. 2:17-bk-12392-BR <br><br> Adv. No.: 2:17-ap-01309-BR <br><br> Chapter 7 <br><br> **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY ADJUDICATION** <br><br> Hearing Date: [To Be Set By Court] <br> Time: <br> Ctrm: |

**TO THE HONORABLE BARRY RUSSEL, U.S. BANKRUPTCY JUDGE; DEFENDANT AND HIS COUNSEL OF RECORD; THE OFFICE OF THE UNITED STATES TRUSTEE; AND TO INTERESTED PARTIES:**

Debtor And Defendant, Mark Elias Crone (the "**Debtor**" or "**Crone**") hereby submits this Statement of Uncontroverted Facts in support of Debtor's *Motion for Summary Judgment and/or Partial Summary Adjudication* ("**Motion**" or "**MSJ**") against Plaintiff CKR Global Advisors, Inc. ("**Plaintiff**" of "**Global**").

All exhibits cited herein are in reference to those exhibits attached to the concurrently filed declaration of Mark Crone ("**Crone Decl.**"). References are also made to the concurrently filed declaration of J'aime Williams ("**Williams Decl**.").

## STATEMENT OF UNCONTROVERTED FACTS

**A.**  Bankruptcy Case, Jurisdiction and Venue

1. On or about February 28, 2017 (the "**Petition Date**"), Debtor filed a voluntary petition under Title 11, Chapter 7 of the United States Code (the "**Code**"), originating this current Bankruptcy Case, entitled In re Mark Elias Crone, Case No. 2:17-bk-12392-BR ("**Bankruptcy Case**"). **Crone Decl., ¶ 3 and Exhibit 1.** This Court has jurisdiction under 28 U.S.C. §§ 157, 1132 and 1334(a) over the subject matter of this proceeding because the claims asserted herein relate to a case pending under the Bankruptcy Code for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**") and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code. **Exhibit 1, Exhibit 2, Exhibit 3.**

2. Per 28 U.S.C. §§ 1408 and 1409, venue is proper in the Central District of California, Los Angeles Division, because the Bankruptcy Case is pending in this district and division. See also Federal Rules of Bankruptcy Procedure (FRBP) 7001. **Exhibit 1, Exhibit 2, Exhibit 3.**

**B.**  The Business Entities and Disputes

3. On or about May 26, 2010, the Debtor created Sands of Time Inc., pursuant to Articles of Incorporation filed in the State of Nevada. **Crone Decl., ¶ 5 and Exhibit 5.**

4. On or about September 13, 2013, the articles of incorporation, of Sands of Time Inc. were amended, renaming the entity Flourz GF Bakery Simsbury CT, Inc. **Crone Decl., ¶ 6 and Exhibit 6.**

5. In 2014, the Debtor, Rinde and Scott C. Kline formed a law firm, known as CKR Law, LLP ("**CKR Law**"). **Crone Decl., ¶ 7; First Amended Complaint ("FAC") ¶ 8.**

6. On or about February 3, 2014, the articles of incorporation of Flourz GF Bakery (formerly Sands of Time), were amended, renaming the entity CKR Global Advisors, Inc., in order to use the entity to provide business consulting and advisory consulting services to CKR Law clients. **Crone Decl., ¶ 8 and Exhibit 7, FAC 12.**

7. On February 10, 2014, the following officers and directors of Global were named in Global's Annual List of Officers and Directors filed with the Secretary of State of Nevada:

    a. Jeffrey A. Rinde, President and Director

    b. Mark E. Crone, Secretary and Director

    c. Scott C. Kline, Treasurer and Director **Crone Decl., ¶ 9, Exhibit 8.**

8. On or about January 27, 2014, Global adopted bylaws ("**Bylaws**"), which state at Section 2.6 that a majority of the directors must be present to constitute a quorum necessary for action to be taken by Global, and Section 1.7 requires that a majority of the stockholders must be present or represented by proxy to constitute a quorum necessary for action to be taken by Global. **Crone Decl., ¶ 10 and Exhibit 9.**

9. In December 2014, Scott C. Klein severed his affiliation with Global and CKR Law, and his ownership interests reverted to Rinde and the Debtor, creating a 50-50 ownership split in each entity. **Crone Decl., ¶ 11; FAC ¶8.**

10. Since 2014, Rinde has controlled Global's and CKR Law's finances, including without limitation the business bank accounts. **Crone Decl., ¶ 12.**

11. In 2015, certificate no. 1091 ("**Certificate 1091**") representing 100,000 shares of common stock of Akoustis Technologies, Inc., was issued to Global. **Crone Decl., ¶ 13; Exhibit 20; FAC ¶ 13; Exhibit 10 at ¶20.** At all times since Certificate 1091 was issued, it was exclusively owned by Global. **Exhibit 11 at ¶ 17; Exhibit 12 at ¶ 3.**

12. Certificate 1091 was subject to a Lock-Up Agreement which prohibited the sale of any of the shares until at least May 22, 2017. **Crone Decl., ¶ 14 and Exhibit 13.**

13. Although the Certificate belonged to Global, it was stored in the safe of CKR Law. See FAC ¶13. As a 50% owner of both Global and CKR Law, I had equal rights to possession of the Certificate to Rinde. **Crone Decl. ¶15; FAC ¶13.**

14. The Debtor took possession of Certificate 1091 in March 2016. **Crone Decl., ¶ 16.**

15. The Debtor never sold or transferred the shares represented by Certificate 1091. **Crone Decl., ¶ 17 and Exhibits 13, 14, 19.**

16. The Debtor never attempted to sell or transfer the stock shares represented by Certificate 1091. **Crone Decl., ¶ 18 and Exhibits 13, 14, 19.**

17. On June 3, 2016, Global, CKR Law, and Rinde filed a lawsuit against the Debtor in New York concerning the sale or transfer of Certificate 1091. **Crone Decl., ¶ 19 and Exhibit 10;** *FAC ¶ 17*.

18. On April 4, 2017, Global and Rinde filed a lawsuit against Susan Crone, Gary Gorham and Leonidas P. Flangas in New York seeking to recover Certificate 1091. **Crone Decl., ¶ 20 and Exhibit 11**.

19. Throughout the New York litigation, it has been Global's position that it is the exclusive owner of Certificate 1091. **Crone Decl. ¶ 21; Exhibit 11 ¶ 17; Exhibit 12 ¶ 3.**

**C.** Divorce Proceedings and Marital Settlement Agreement

20. On July 26, 2016, the Debtor's wife, Susan Crone, commenced divorce proceedings in the State of Connecticut. **Crone Decl., ¶ 22 and Exhibit 14.** On or about November 30, 2016, judgment was entered in the divorce proceeding which approved the Marital Settlement Agreement ("**MSA**") entered into by the Debtor and Susan Crone. **Crone Decl., ¶ 23 and Exhibit 14.**

21. The MSA clearly acknowledges that, at the time the MSA was signed and approved, there was a lawsuit pending between the Debtor and Rinde to determine ownership of Global/Ascendant and Certificate 1091. *Exhibit 14 at ¶ 6.3.* In the MSA, the Debtor transferred to Susan Crone only whatever interests or rights the Debtor would

receive from resolution of the litigation with Rinde, whether by proceeds or ownership interests in Certificate 1091 or Ascendant. *Exhibit 14 at ¶ 6.3.* The MSA states:

> Husband was a 50% owner of CKR Law LLP ("CKR Law"), and equal law partnership with Jeffrey a. Rinde ("Rinde"), and is also either 50% owner or 75% owner of Ascendant Global Advisors, Inc. (f/k/a/ CKR Global Advisors, Inc. ("Ascendant"). Rinde owns the remaining percentage portion of Ascendant. Rinde and Husband are currently in a dispute whether Husband owns 75% of Ascendant, as Husband asserts, or 50% of Ascendant, and Rinde asserts. Ascendant in turn owns certain assets including, but not limited to 100,000 shares of Akoustis Technologies, Inc. (the "AKTS Shares"). AKTS is a publicly traded company.  Wife understands that Rinde has filed a lawsuit against Husband and that Husband may countersue Rinde (the "Lawsuit"). *The percentage ownership of Ascendant and of the AKTS Shares owned by Ascendant are in dispute between Husband and Rinde* which is the primary focus of the Lawsuit. *Wife further understands that the AKTS Shares are currently restricted from sale under both Rule 144 and pursuant to a lock up agreement, both of which restrict the sale of the AKTS Shares until May 2017.*  Notwithstanding the foregoing, Husband hereby conveys to Wife, and Wife accepts the conveyance thereof, all of his (100%) right title and interest in either (i) the proceeds awarded by a court or arbitrator, (ii) any proceeds received via settlement (the "Settlement") of the dispute between Husband and Rinde or (iii) or whatever proceeds are otherwise determined to be distributed out of Ascendant to Husband, (iv) any right, title and interest in the AKTS Shares and (v) any right, title and interest in Ascendant in whichever case, as an alimony payment. *Exhibit 14 at ¶ 6.3.*

**D.**  The Adversary Proceeding

22.  On June 12, 2017, Global commenced this adversary proceeding by filing the original complaint, which alleged four (4) causes of action under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6). **Crone Decl., ¶ 25 and Exhibit 2.**

23.  Global did not have board or shareholder authorization to commence this adversary, as there was no board meeting or majority shareholder vote to authorize the filing, and Plaintiff's Board of Directors had been deadlocked since at least June 2016.

Plaintiff acknowledged the fact of the board deadlock in its complaint filed in New York. **Crone Decl., ¶ 26; Exhibit 9; Exhibit 10 at ¶ 39.**

24. Despite the lack of corporate authorization for this Adversary, Rinde also never attempted to bring this adversary as a derivative action. **Crone Decl., ¶ 27 and Exhibits 2, 3, 16.**

25. On August 31, 2017, the Debtor filed his Motion to Dismiss the complaint [Docket No. 21]. **Crone Decl., ¶ 28 and Exhibit 15.**

26. On November 29, 2017, Global filed is opposition to the Motion to Dismiss [Docket No. 50.] ("**MTD Opposition**").  In the MTD Opposition, Global admits that no effort was made to obtain board consent to commence this adversary against the Debtor. **Crone Decl., ¶ 29 and Exhibit 16 at p. 5.**

27. On January 10, 2018, the Court entered an order dismissing the first and second claims under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) with prejudice, and granting leave to amend the claims under 11 U.S.C. §§ 523(a)(4) and 523(a)(6). [Docket No. 60] **Crone Decl., ¶ 30 and Exhibit 17,**

28. On December 27, 2017, Global filed the FAC. [Docket No. 56]. **Crone Decl., ¶ 31 and Exhibit 3.** The remaining causes of action before the Court in the FAC are 523(a)(4) and 523(a)(6).

29. On January 10, 2018, the Debtor filed his Answer to the FAC. [Docket No. 61]. **Crone Decl., ¶ 32 and Exhibit 4.**

30. On or about December 11, 2017, the Debtor propounded discovery on Global, including Requests for Production of Documents ("**RPDs**"), which requested production of documents which support Global's claims of embezzlement, larceny, and willful and malicious injury. **Crone Decl., ¶ 33 and Exhibit 18.**

31. On or about February 21, 2018, Global provided responses to the Debtor's discovery requests, including the RPDs ("**Global Production**"). **Williams Decl., ¶ 3.**

32. On August 30, 2018, Global provided supplemental responses to the RPD's, along with 232 pages of document production ("**Supplemental Production**"). **Williams Decl., ¶ 4.**

33. None of the documents produced in the Global Production or the Supplemental Production include any evidence of the Debtor's intent, the Debtor's alleged statement to his girlfriend prior to April 2016, or evidence of damages to the Plaintiff. **Williams Decl., ¶ 5.**

## **CONCLUSIONS OF LAW**

1. Fed. R. Civ. P. 56, as made applicable by Bankruptcy Rule 7056, a defendant may move at any time for full or partial summary judgment, which should be granted if defendant shows: that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

2. 11 U.S.C. § 523(a)(4) – the statute provides that a discharge is not available for any debt: for "(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

3. 11 U.S.C. § 523(a)(6) – the statute excepts from discharge "any debt . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity."

4. Debtor is entitled to judgment in his favor because Plaintiff cannot meet its burden of proof to establish that this lawsuit was commenced with valid corporate authorization.

5. Debtor is entitled to judgment in his favor because Plaintiff cannot meet its burden of proof of establishing that a debt is owed to it by Debtor concerning Certificate 1091.

6. Debtor is entitled to judgment in his favor because Plaintiff cannot meet its burden of proof of establishing that it was damaged by the Debtor's actions concerning Certificate 1091.

7.     Debtor is entitled to judgment in his favor because Plaintiff cannot meet its burden of proof establishing the elements of embezzlement or larceny.

8.     Debtor is entitled to judgment in his favor because Plaintiff cannot meet its burden of establishing willful and malicious injury.

9.     Debtor is entitled to judgment in his favor because Plaintiff cannot meet its burden of proof of establishing that a nondischargeable debt is owed to it by the Debtor pursuant to 11 U.S.C. § 523(a)(4);

10.     Debtor is entitled to judgment in his favor because Plaintiff cannot meet its burden of proof of establishing that a nondischargeable debt is owed to it by the Debtor pursuant to 11 U.S.C. § 523(a)(6).

Dated: October 23, 2018

                                        LESLIE COHEN LAW, PC

                                        By: /s/ Leslie A. Cohen
                                               Leslie A. Cohen
                                               Counsel for Plaintiff

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY ADJUDICATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___10/23/18___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Stephen F Biegenzahn efile@sfblaw.com
Leslie A Cohen leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com; allie@lesliecohenlaw.com
Howard M Ehrenberg (TR) ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com; C123@ecfcbis.com; hehrenberg@ecf.inforuptcy.com
J. Bennett Friedman jfriedman@flg-law.com, msobkowiak@flg-law.com; jmartinez@flg-law.com; ewalters@flg-law.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov        ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___10/23/18___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple St.
Los Angeles, CA 90012

J. Bennett Friedman, Esq.
Michael Sobkowiak, Esq.
FRIEDMAN LAW GROUP, P.C.

1900 Avenue of the Stars, 11th Fl.
Los Angeles, California 90067

United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/23/18 | Allie Kiekhofer | /s/ Allie Kiekhofer |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.