**J. BENNETT FRIEDMAN, ESQ., SBN 147056**
   *jfriedman@flg-law.com*
**MICHAEL SOBKOWIAK, ESQ., SBN 242718**
   *msobkowiak@flg-law.com*

**FRIEDMAN LAW GROUP, P.C.**
1900 Avenue of the Stars, 11th Fl.
Los Angeles, California 90067
Telephone: (310) 552-8210
Facsimile: (310) 733-5442

Attorneys for Plaintiff CKR Global Advisors, Inc.

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) LEAD CASE NO.: 2:17-bk-12392-BR |
| | ) |
| **MARK ELIAS CRONE,** | ) ADV. CASE NO.: 2:17-ap-01309-BR |
| | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) **PLAINTIFF CKR GLOBAL ADVISORS'** |
| | ) **EMERGENCY MOTION FOR** |
| | ) **PROTECTIVE ORDER OR FOR ORDER** |
| **CKR GLOBAL ADVISORS, INC.,** | ) **QUASHING SUBPOENA, OR, IN THE** |
| | ) **ALTERNATIVE, FOR ORDER STAYING** |
| Plaintiff, | ) **COMPLIANCE WITH SUBPOENA UNTIL** |
| | ) **RESOLUTION OF DISCOVERY DISPUTE** |
| vs. | ) |
| | ) **Hearing:** |
| **MARK ELIAS CRONE,** | ) |
| | ) Date: TBD |
| Defendant. | ) Time: TBD |
| | ) Place: Courtroom 1668 |
| | )            Roybal Federal Building |
| | )            255 East Temple St. |
| | )            Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, DEFENDANT MARK CRONE, AND COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that on ____[TBD]____ at ____[TBD]____ in Courtroom 1668 of the United States Bankruptcy Court, located at the Edward R. Roybal Federal

1

1  Building and Courthouse, 255 East Temple Street, Los Angeles, California, Plaintiff CKR CKR

2  Global Advisors, Inc. ("Global Advisors" or "Plaintiff") will bring on for hearing its *Emergency*

3  *Motion for Protective Order or for Order Quashing Subpoena, or, in the Alternative, for Order*

4  *Staying Compliance with Subpoena Until Resolution of Discovery Dispute* (the "Motion").  By

5  the Motion, Global Advisors requests that the Court issue a protective order, or an order quashing

6  the subpoena duces tecum to EisnerAmper (the "Subpoena"), which was issued by defendant

7  Mark Crone's ("Crone") counsel on October 3, 2018.  The Subpoena requires the production of

8  documents by November 5, 2018.

9      <u>Plaintiff's repeated efforts to initiate the meet and confer process to resolve this discovery

10  dispute have been ignored by counsel for Crone</u>.  This Motion is brought on an emergency basis

11  because it is now clear following the Court's recent rulings on CKR Law LLP's motion to strike,

12  and Crone's motion for leave to amend his answer to allege a counterclaim for accounting,[1] that

13  the documents sought by the Subpoena have no relevance to this adversary proceeding (the

14  "Adversary").  The Motion is further brought on an emergency basis due to the significant harm

15  that the Subpoena to EisnerAmper threatens to cause Global Advisors.  The Subpoena requests

16  the production of *all* of Global Advisors' tax returns, financial information and communications

17  with its accountants EisnerAmper <u>from 2014 to the present</u>.  The Subpoena raise issues of

18  extreme confidentiality concerns, privacy rights and tax return privilege.

19      Finally, by the Motion, Global Advisors requests its fees and costs incurred in connection

20  with the Motion.

21  DATED:  October 26, 2018        FRIEDMAN LAW GROUP, P.C.

22          By: /s/ Michael Sobkowiak

23          MICHAEL SOBKOWIAK, ESQ.
        Attorneys for Plaintiff CKR Global Advisors

---

[1] CKR Law's motion to strike, and Crone's motion to amend, were filed in the *CKR Law, LLP v. Mark Crone* adversary proceeding, assigned Adversary Case No. 2:17-ap-01310-BR.  The matters in this adversary proceeding, and the CKR Law adversary proceeding, overlap with respect to the stock certificate at issue.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION AND FACTUAL BACKGROUND**

Global Advisors brings this Adversary pursuant to 11 U.S.C. § 523(a) to except from discharge damages arising from Crone's theft of a stock certificate from CKR Law's safe. As the Court is aware, Crone has previously sought to vastly expand the scope of the issues in this Adversary and the CKR Law adversary proceeding by pursuing a deficiently pled affirmative defense for unclean hands, and moving the Court for leave to file a counterclaim against CKR Law for an accounting.

Crone's goal of unnecessarily complicating this straightforward litigation has been expressly rejected by the Court. On October 16, 2018, the Court granted CKR Law's motion to strike Crone's affirmative defense for unclean hands, and denied Crone's motion for leave to bring a counterclaim for an accounting. On October 25, 2018, the Court entered its respective orders on these Motions. *See* CKR Law Docket Nos. 144 and 145. The Court's rulings had the immediate effect of streamlining discovery in the various adversary proceedings and narrowing the issues for trial.

Prior to the Court striking Crone's unclean hands affirmative defense, and denying leave to assert a counterclaim for an accounting, on October 5, 2018, Crone served a notice of the Subpoena issued to EisnerAmper. It is presumed that the EisnerAmper Subpoena has been served, although counsel for Global Advisors has not provided with a proof of service, despite requesting one. A true and correct copy of the notice of the EisnerAmper Subpoena is attached as Ex. A to the accompanying Declaration of Michael Sobkowiak ("Sobkowiak Decl.").

The Subpoena to EisnerAmper requests the following documents:

> All DOCUMENTS and COMMUNICATIONS RELATING TO CKR GLOBAL ADVISORS, INC., including but not limited to all filed and unfiled tax returns, schedules, and any DOCUMENTS OR CORRESPONDENCE relied upon in preparing such filings for the period January 1, 2014 through THE PRESENT TIME.

Notably, the documents sought by the Subpoena has no relevance to the Section 523(a)

1

Case 2:17-ap-01309-BR    Doc 103    Filed 10/29/18    Entered 10/29/18 11:50:42    Desc
Main Document    Page 4 of 14

1 claims in the Adversary.  None of the categories of documents sought would make any of the
2 facts pertinent to the Section 523(a) claims in this Adversary more or less probable, and Crone
3 cannot reasonably argue otherwise.  Instead, to the extent that the categories of documents sought
4 *might* have had any relationship to the Adversary at the time the Subpoena was issued – they
5 relate solely to Crone's unclean hands defense and proposed accounting claim.  However, by its
6 rulings, the Court has expressly declined to expand the scope of the Adversary.  In short, the
7 Subpoena now has objectively no relationship to any of the claims in this action.
8       Seeking to avoid an unnecessary discovery dispute, before initiating meet and confer
9 efforts, Global Advisors waited for the Court to rule on the motion to strike the unclean hands
10 affirmative defense, and separate motion by Crone to allege a counterclaim for an accounting.
11 Specifically, the contours of discovery in the Adversary would be very different if the Court
12 permitted Crone to assert an accounting claim for relief – as the documents sought by Subpoena
13 would be arguably relevant to such claims.
14       Following the ruling from the bench on CKR Law's motion to strike, and Crone's motion
15 to amend, on October 19, 2018, counsel for Global Advisors wrote to Crone's counsel, Leslie
16 Cohen, for the purpose of initiating a meet and confer conference pursuant to Local Bankruptcy
17 Rule 7026-1(c)(1). *See* Sobkowiak Decl. at Ex. B.  The letter specifically addressed the present
18 issue – that the documents sought by the Subpoena are intended to support an unclean hands
19 defense, or accounting counterclaim, both of which were rendered unviable by the Court's recent
20 rulings.[2]  The letter to Ms. Cohen further indicated that it was the intention of counsel to
21 informally resolve the issues without intervention of the Court, and asked Ms. Cohen to provide
22 her availability to participate in a meet and confer conference on October 22 or 23, 2018.
23       Ms. Cohen did not respond to October 19, 2018 meet and confer letter.  The afternoon of
24 August 23, 2018, counsel for Global Advisors left a voicemail message for Ms. Cohen, asking
25 that she maker herself available to participate in a meet and confer conference, and proposing that

---

[2] Counsel also noted that the Subpoena to EisnerAmper violated the geographic restrictions of FRCP 45(d)(3)(A)(ii) (requiring that a subpoena violating the geographic restrictions of FRCP 45(a) be quashed or modified).

2

1 the parties agree to extend the deadline for compliance with the Subpoena by two weeks to permit
2 the parties to work toward a resolution.  Shortly following that message, counsel received a
3 telephone call from J'aime Williams, an associate attorney at Leslie Cohen Law, PC.  Ms.
4 Williams stated that Ms. Cohen was in court, and that she had received a text message from Ms.
5 Cohen requesting that she call to discuss the voicemail message.  Counsel iterated the substance
6 of his prior message, again proposing that the parties agree to a two week extension of the
7 compliance deadline to address the issues.  As of the filing of this Motion, neither Ms. Cohen, nor
8 her associate Ms. Williams, have provided any response to the meet and confer letter, the
9 invitation to participate in a meet and confer conference, or the proposal to extend the production
10 deadline.  In short, counsel for Crone has ignored this matter at every step.

Despite the extensive good faith efforts by Global Advisors, it has been unable to resolve this discovery dispute without assistance of the Court.

## II.

## APPLICABLE LEGAL STANDARDS

### A. The Scope of Discovery and Questions of Relevance.

Federal Rule of Civil Procedure 26 states the test for relevance, providing that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, *the importance of the discovery to resolving the issues*, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). Rule 401 of the Federal Rules of Evidence provides, in turn, that evidence is relevant if "it has the tendency to make a fact more or less probable than it would be without the evidence." Rule 26(b)(1) clearly has its boundaries. As noted in *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995), "the right of a party to obtain discovery is not unlimited. A discovery request must be 'relevant to the subject matter involved in the pending action' or 'reasonably

3

1 calculated to lead to the discovery of admissible evidence.'" (Citation omitted.)

**B. Fed. R. Civ. P. 26(c)(1) – Protective Orders**.

"A party or any person from whom discovery is sought may move for a protective order… [t]he court, may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Protective orders provide a safeguard for parties and other persons in light of the otherwise broad reach of discovery. Fed. R. Civ. P. 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982). Rule 26 provides a non-exhaustive list of categories of protection that are available by court order, including forbidding the disclosure or discovery, prescribing a method other than the one selected by the party seeking discovery, and limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c).

To obtain a protective order, the party resisting discovery or seeking limitations thereon must show "good cause" for its issuance. Fed. R. Civ. P. 26(c)(1); *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). The moving party must make a clear showing for a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Among the factors that may be relevant in determining the existence of "good cause" for a protective order is whether the information is being sought for a legitimate purpose. *Glenmede Trust Co. v. Thompson*, F.3d 476, 483 (3d Cir. 1995), *cited with approval in Phillips ex rel. Estates of Byrd (Phillips) v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

**C. Fed. R. Civ. P. 45(d)(3) – Motion to Quash**.

Federal Rule of Civil Procedure 45 provides, in relevant part, that "[o]n a timely motion, the court for the district where compliance is required must quash or modify a subpoena that…(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). Additionally, "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires…(i) disclosing a trade secret or other confidential research, development or commercial information." Although the Ninth Circuit has not explicitly

4

addressed the question of whether Federal Rule of Civil Procedure 45(d)(3) permits a party to move to quash a subpoena served upon a nonparty, the general rule is that a party has standing to quash a subpoena served upon a third party as to claims of privilege relating to the documents being sought.  *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973-974 (C.D. Cal. 2010) (citing cases).

### III.

### ARGUMENT

**A. Good Cause Exists for Issuance of Protective Order Because the Information Sought by Subpoena is Not for a Legitimate Purpose.**

At the risk of being repetitive in light of prior filings, the documents sought by the Subpoena once again compel Plaintiff to set forth the straightforward grounds for the claims in this Adversary brought pursuant to Section 523(a)(4) (fraud, defalcation or larceny while acting in a fiduciary capacity) and Section 523(a)(6) (willful and malicious injury to property).  The allegations are simple: Crone stole from CKR Law's safe a certificate representing 100,000 shares of stock in Akoustis Technologies, Inc.  The stock certificate was maintained by CKR Law for the benefit of Global Advisors.  *See* First Amended Complaint, *generally*.

The Court is well acquainted with the elements of these Section 523(a) claims for exception to discharge.  The Subpoena seeks the entirety of Global Advisors' tax related information from January 1, 2014 through the present – nearly a five-year period.  As an initial matter, the documents presently sought by Crone have no relevance to this Adversary because they do not tend to make any fact necessary to the Section 523(a) claims and defenses any more or less probable.  *See* Fed. R. Civ. P. 26(b)(1), and Fed. R. Evid. 401.  Instead, Global Advisor's financial information is sought in support of an unclean hands affirmative defense and accounting counterclaim that have previously been rejected by the Court.  Further, Crone filed his chapter 7 bankruptcy petition on February 28, 2017.  Meaning, Global Advisors' claims in this Adversary necessarily arose prior to the petition date.  Even if Crone could somehow make a showing of relevance as to some of the documents sought – which he cannot – Global Advisors' tax related infomration dating after February 28, 2017 has no bearing on the claims in the Adversary.  The

Subpoena is therefore overly broad by definition.

In short, the Subpoena is not for a legitimate purpose in this litigation. The Subpoena is not reasonably calculated to lead to the discovery of admissible evidence, as the documents requested do not tend to prove or disprove any disputed fact that is of consequence in this Adversary.

Finally, the Court should be especially mindful that Crone is an attorney working in direct competition with CKR Law, of which Global Advisors is closely associated, and is presently in dire financial straits. Allowing for production of Global Advisors' financial information, particularly under these circumstances when there is no compelling need, would cause immediate and irreparable injury to the business of Global Advisors and CKR Law. The Court should therefore issue a protective order providing for the immediate withdrawal of the Subpoena.

### B. The Court Should Quash the EisnerAmper Subpoena Because the Tax Documents are Privileged.

All the Global Advisors documents sought from EisnerAmper are documents bearing upon tax filings of Global Advisors. In *Garcia v. City of Imperial*, 270 F.R.D. 566, 572 (S.D. Cal. 2010), objections sustained in part and overruled in part, 2010 WL 3719081 (S.D. Cal. Sept. 17, 2010), the Court explained that nature of privileges and the right of privacy under California law and that they would be protected in federal court:

> Privilege is a valid objection to discovery under Fed. R. Civ. P. 26(b)(5). *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996). To the extent privacy is a matter of privilege under state law, federal courts will honor the privilege and protect the responding party from discovery. In California, the right to privacy is set forth in Article I, Section I of the California Constitution. It is not an absolute right, but a right subject to invasion depending upon the circumstances. *Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal.4th 1, 37, 26 Cal.Rptr.2d 834, 865 P.2d 633 (1994).

The tax records sought by Crone not only have no relevance to this Adversary, but they are also privileged. In *Fortunato v. Superior Court*, 114 Cal. App. 4th 475, 481 (2003), the California Court of Appeal stated regarding a subpoena for documents from a bank that "there is a right to privacy in confidential customer information whatever form it takes, whether that form be tax

6

returns, checks, statements, or other account information." The EisnerAmper subpoena requests all "filed and unfiled tax returns" for Global Advisors, and documents or correspondence "relied on in preparing such filings." The tax return privilege is well-established, as explained in *Fortunato v. Superior Court*, 114 Cal. App. 4th at 472 and 482:

> The California Supreme Court has held that Revenue and Taxation Code section 19282, which prohibits disclosure of tax returns, implicitly creates a privilege against the disclosure of income tax returns. *(Webb v. Standard Oil Co.* (1957) 49 Cal.2d 509,513,319 P.2d 621).
>
> ***
>
> The purpose of the tax-return privilege is to encourage voluntary filing of tax returns and truthful reporting of income, and thus to facilitate tax collection. *(Webb v. Standard Oil, supra,* 49 Cal.2d at p. 513, 319 P.2d 621). It does this by assuring the taxpayer that such voluntary filing and truthful reporting will not result in a loss of confidentiality. *(Deary v. Superior Court* (2001) 87 Cal.App.4th 1072, 1081, 105 Cal.Rptr.2d 132.) Routinely forcing a taxpayer to produce a copy of his or her tax returns in litigation would effectively defeat the legislative purpose. *(Webb v. Standard* Oil, *supra,* 49 Cal.2d at p. 513, 319 P.2d 621).

The law in the Ninth Circuit is in accord. *See Stokwitz v. United States,* 831 F.2d 893, 897 (9th Cir. 1987) ("The confidentiality of tax information may also be preserved in civil proceedings through protective orders."); *see also Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975) ("a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns.").

There must be a compelling need for tax returns for them to be produced, which Crone has not demonstrated. In *Fortunato*, 114 Cal. App. 4th at 483, the Court explained:

> The public-policy exception to the tax-return privilege, "[h]owever, ... is narrow, and only applies 'when warranted by a legislatively declared public policy.' [Citation.]" [Citation] Further, the public policy must be a compelling one, and exceptions on this ground will be declared only rarely. [Citation] Public policy favoring discovery in civil litigation is not, by itself, sufficiently compelling to overcome the privilege. [Citation] Indeed, such an exception would swallow the rule.

While it is true that a party may be required to produce privileged financial information,

7

there must be compelling proof that it is needed. Crone has offered no such proof. The Court should therefore quash the EisnerAmper Subpoena.

### C. In the Alternative, the Court Should Issue an Emergency Order Staying the Subpoena Compliance Date.

Global Advisors has sought to resolve this discovery dispute in good faith. Toward that end, counsel waited to initiate the meet and confer process until after the Court had ruled on the motion to strike Crone's unclean hands affirmative defense, and Crone's related motion to amend his answer to allege a counterclaim for accounting. This decision to "wait and see" arose from the recognition by counsel that the outcome of those motions would have a direct bearing on questions of relevance for the documents sought by the Subpoena. It is now clear that the documents relating to Global Advisors' financial condition that are presently sought by Crone, have no bearing on the outcome of this Adversary.

Counsel for has attempted in good faith to obtain an agreement with Crone's counsel to extend the compliance deadline for document production to permit the parties an opportunity to discuss an informal resolution of this uncomplicated discovery dispute. A proposal was extended to both Ms. Cohen, and Ms. Williams, to extend the compliance deadlines for the Subpoena by two weeks. Neither individual responded.

If the Court is not inclined to immediately grant the Motion and issue a protective order, or an order quashing the Subpoena, <u>Global Advisors respectfully requests that the Court enter an order on an emergency basis staying the compliance deadline for EisnerAmper until after this matter is resolved</u>.

The present deadline is November 5, 2018. In light of the close proximity of this date, if documents are produced before the Court fully considers the relief requested in this Motion, Global Advisors further requests that the Court order Crone's counsel, Leslie Cohen Law, PC, to promptly return or sequester any produced documents in accordance with the requirements of Federal Rule of Civil Procedure 45(e)(2)(B).

      Rule 45. Subpoena

      (e) Duties in Responding to a Subpoena.

8

> ….
>
> (2) *Claiming Privilege or Protection*
>
> ….
>
> (B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. <u>After being notified, a party must promptly **return**, **sequester**, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved</u>; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

Fed. R. Civ. P. 45(e)(2)(B) (emphasis added).

### D. **Global Advisors is Entitled to Monetary Sanctions.**

Based on the foregoing, the Subpoena should not have been issued, and Crone's counsel should have certainly participated in the meet and confer process that counsel for Global Advisors attempted to initiate. Federal Rule of Civil Procedure 26(c)(3) states that "Rule 37(a)(5) applies to the award of expenses" in connection with a motion for protective order or seeking to quash subpoenas. Federal Rule of Civil Procedure 37(a)(5)(A) states that monetary sanctions should be awarded if the motion is granted, as follows:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

By letter dated October 19, 2018, shortly after this Court's ruling on CKR Law's motion to strike, and Crone's motion to allege a counterclaim for accounting, Global Advisors' counsel tried

1  to resolve the objections by inviting counsel for Crone to explain the relevance of the documents
2  to this Adversary.  Counsel for Crone ignored that request.  Later, counsel proposed that the
3  parties stipulate to extend the compliance date for the Subpoena to allow the parties an opportunity
4  to reach a resolution of Global Advisors' objections to the Subpoena.  That proposal was made to
5  two attorneys at Leslie Cohen Law, neither of which provided a response.

6        Crone and his counsel in this Adversary have completely ignored Global Advisors'
7  multiple good faith attempts to resolve this discovery dispute.  Global Advisors requests an order
8  of the Court awarding its fees and costs incurred in connection with bringing this Motion on an
9  emergency basis in an amount to be determined by subsequent motion.  The award should be joint
10 and several against Crone and his counsel.

## IV.

## CONCLUSION

13        Based on the foregoing, Global Advisors respectfully requests that the Court issue a
14  protective order providing for withdrawal of the Subpoena, or quash the Subpoena to
15  EisnerAmper.  Alternatively, Global Advisors requests that the Court issue an order on an
16  emergency basis staying the compliance deadline.  Additionally, in granting this Motion, Global
17  Advisors should be awarded the fees and costs that it has incurred in bringing the Motion.

                           Respectfully submitted,

DATED:  October 26, 2018          FRIEDMAN LAW GROUP, P.C.

                           By: _____
                           MICHAEL SOBROWIAK, ESQ.
                           Attorneys for Plaintiff CKR Global Advisors

### DECLARATION OF MICHAEL SOBKOWIAK

I, Michael Sobkowiak do hereby declare:

1. I am an attorney at law admitted and qualified to practice law in the State of California. I am an associate attorney at Friedman Law Group, P.C. (the "Firm"), counsel of record for Plaintiff CKR Global Advisors, Inc. ("Global Advisors"), and also counsel for CKR Law, LLP ("CKR Law"). I make this declaration in support of Global Advisors' *Emergency Motion for Protective Order or for Order Quashing Subpoena, or, in the Alternative, for Order Staying Compliance with Subpoena Until Resolution of Discovery Dispute* (the "Motion"). I have personal knowledge of the matters set forth here, and if called upon to do so, could and would testify competently thereto.

2. On October 5, 2018, Leslie Cohen Law, PC served on the Firm a *Notice of Subpoena Issued to EisnerAmper Pursuant to FRBP 9016 and FRCP 45*. A true and correct copy of the notice of the EisnerAmper subpoena is attached hereto as Exhibit A.

3. The EisnerAmper subpoena sets a compliance date of November 5, 2018. I have no knowledge of when the subpoena was served, despite having requested from Crone's counsel a copy of the proof of service – which was not provided.

4. On October 16, 2018, the Court heard oral argument on CKR Law's motion to strike Crone's affirmative defense of unclean hands, and also Crone's motion for leave to amend his answer to allege a counterclaim for accounting. The Court made a ruling from the bench, granting the motion to strike, and denying the motion to amend.

5. On Friday, October 19, 2018, I wrote Ms. Cohen to initiate a meet and confer conference to resolve a discovery dispute pursuant to Local Bankruptcy Rule 7026-1(c)(1). The letter requested that Ms. Cohen make herself available for a conference on Monday October 22, or Tuesday, October 23. A true and correct copy of my October 19, 2018 letter is attached hereto as Exhibit B.

6. I did not receive a response from Ms. Cohen to my letter.

7. On the afternoon of August 23, 2018, I left a voicemail message for Ms. Cohen, asking that she maker herself available to participate in a meet and confer conference, and

11

proposing that the parties agree to extend the deadline for compliance with the EisnerAmper subpoena by two weeks to permit the parties to work toward a resolution.

8. Shortly following the message that I had left for Ms. Cohen, I received a telephone call from J'aime Williams, an associate attorney at Leslie Cohen Law, PC. Ms. Williams stated that Ms. Cohen was in court, and that she had received a text message from Ms. Cohen requesting that she call me to discuss my earlier voicemail message.

9. During my conversation with Ms. Williams, I iterated the substance of my prior message, again proposing that the parties agree to a two-week extension of the compliance deadline to address the issues.

10. As of the filing of this Motion, neither Ms. Cohen, nor her associate Ms. Williams, have provided any response to the meet and confer letter, the invitation to participate in a meet and confer conference, or the proposal to extend the production deadline.

11. The Motion should be heard on an emergency basis because the compliance deadline for the Subpoena is November 5, 2018, and the attempts that I have made to contact Crone's counsel to discuss this matter have been entirely ignored.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of October 2018, at Los Angeles, California.

_____
Michael Sobkowiak