J. BENNETT FRIEDMAN, ESQ., State Bar No. 147056
  *jfriedman@flg-law.com*
MICHAEL SOBKOWIAK, ESQ., State Bar No. 242718
  *msobkowiak@flg-law.com*

**FRIEDMAN LAW GROUP, P.C.**
1900 Avenue of the Stars, 11th Fl.
Los Angeles, California 90067
Telephone: (310) 552-8210
Facsimile: (310) 733-5442

Attorneys for Plaintiff CKR Global Advisors, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br>**MARK ELIAS CRONE,**<br><br>Debtor.<br>_____<br>**CKR GLOBAL ADVISORS, INC.,**<br>Plaintiff,<br>vs.<br>**MARK ELIAS CRONE,**<br>Defendant. | Lead Case No. 2:17-bk-12392-BR<br><br>Chapter 7<br><br>Adv. Case No. 2:17-ap-01309-BR<br><br>**DECLARATION OF JEFFREY RINDE IN SUPPORT OF OPPOSITION OF GLOBAL ADVISORS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY ADJUDICATION**<br><br>Date:     December 11, 2018<br>Time:     2:00 p.m.<br>Place:    Courtroom 1668<br>          Roybal Federal Building<br>          255 East Temple St.<br>          Los Angeles, CA 90012 |

1

I, Jeffrey Rinde, do hereby declare:

1. I am the President of CKR Global Advisors, Inc., the plaintiff in the above-entitled adversary proceeding ("Global Advisors" or "Plaintiff"). I make this declaration in support of Global Advisors' Opposition to the *Motion for Summary Judgment or Partial Summary Adjudication* ("Motion") filed by defendant Mark Crone ("Crone" or "Defendant"). I have personal knowledge of the matters set forth herein, and if called upon to do so, could and would testify competently thereto.

2. Defendant formed Plaintiff Global Advisors in May 2010, at which time the corporation was known as "Sands of Time Inc."

3. In 2014, I formed the law firm CKR Law, LLP ("CKR Law") with Defendant and Scott Kline. After the formation of CKR Law, Plaintiff's name was changed from Sands of Time Inc. to "CKR Global Advisors, Inc." for the purpose of using the entity to provide business consulting services to clients of CKR Law

4. I own fifty-percent of the equity of Global Advisors, and Crone owns the remaining fifty-percent of the equity of Global Advisors, subject to a right of first refusal in my favor.

5. Since at least February 2014, I have held the position of President of Global Advisors, and as President, I serve as Global Advisors' chief executive officer. At all relevant times, Crone was an officer and director of Global Advisors.

6. As set forth in the bylaws of Global Advisors ("Bylaws"), the "general and active management of the business and affairs of Global Advisors is delegated to its President. A true and correct copy of the Bylaws is attached as Exhibit 9 to the Declaration of Mark Crone that was assigned Docket No. 99 in this adversary proceeding.

7. In 2015, Stock Certificate No. 1091 ("Certificate 1091"), representing 100,000 shares of common stock of Akoustis Technologies, Inc., was issued to Global Advisors, and maintained in the safe of CKR Law. At all times, Certificate 1091 was and is the personal property of Global Advisors.

8. In 2016, Defendant wrongfully took possession of Certificate 1091 by removing it from the safe of CKR Law. Crone was an officer and director of Global Advisors at the time he

wrongfully took possession of Certificate 1091.

9. Once Crone's larcenous efforts were discovered, on June 3, 2016, as the President of Plaintiff, I authorized the filing of a lawsuit in the New York Supreme Court ("NY State Court") to recover possession of Certificate 1091 from Crone.

10. Based on Defendant's sworn testimony at the meeting of creditors held pursuant to 11 U.S.C. § 341(a) – that he had transferred Certificate 1091 to his wife Susan Crone – in my capacity as the President of Global Advisors, I authorized Plaintiff to initiate litigation in NY State Court against Susan Crone, and others, to recover and set aside the transfer of Certificate 1091.

11. On June 12, 2017, acting in the scope of my authority as the President of Global Advisors, I authorized the filing of an adversary complaint against Defendant, commencing this adversary proceeding to except from discharge the debt arising from his theft and transfer of Certificate 1091 pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6).

12. Both of the actions filed in NY State Court against Defendant and Susan Crone, and this adversary proceeding against Defendant, are direct actions by Global Advisors that I initiated as its President, consistent with the authority delegated to me in the Bylaws.

13. I am familiar with the state of discovery in this adversary proceeding. Crone has not taken depositions. Additionally, the written discovery served by Crone in December 2017 did not request testimony or documents with respect to statements made by Defendant's girlfriend concerning Crone's theft of Certificate 1091.

14. The Motion contains the blanket statement that Plaintiff has not sustained injury by Crone's theft of Certificate 1091, but provides no citation to the record, nor discussion in support of this contention. While Defendant does not properly raise this issue, I nonetheless respond out of an abundance of caution. To be certain, Global Advisors is the owner of Certificate 1091, and all the shares of stock represented thereunder. Plaintiff has suffered damages in an amount yet to be determined based on the fall in value of Akoustis shares during the pendency of its efforts to recover Certificate 1091. Since the theft of Certificate 1091, Akoustis stock has traded as high as $12.84 per share. It is presently trading at $4.58 per share. Defendant is liable for these losses. Additionally, Global Advisors holds a claim in the amount of at least $234,318.03 caused by

3

Crone's larcenous taking of Certificate 1091. This amount is directly attributable to outstanding debts owing by Plaintiff that were to be satisfied from the sale proceeds of the Akoustis stock shares. The debts owing by Global Advisors are required to be paid before distributions can be made to shareholders. Global Advisors has also incurred significant attorneys' fees in its efforts to recover Certificate 1091.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed this 20th day of November 2018, at New York, New York.

_____
Jeffrey Rinde

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DECLARATION OF JEFFREY RINDE IN SUPPORT OF OPPOSITION OF GLOBAL ADVISORS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY ADJUDICATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/20/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Stephen F Biegenzahn**    efile@sfblaw.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- **Howard M Ehrenberg (TR)**    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
- **J. Bennett Friedman**    jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com
- **Michael D Sobkowiak**    msobkowiak@flg-law.com, jmartinez@flg-law.com;jfriedman@flg-law.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/20/2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

David M. Goodrich, Esq.
Steven F. Werth, Esq.
Sulmeyer Kupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/20/2018 | Jackeline Martinez | /s/Jackeline Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**